UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:15-cv-61751-JI Cohn/Seltzer

_____

KEVINN MCNAIR
P/K/A ARIZA OBEY

    Plaintiff,

    v.

JACEON TERREL TAYLOR P/K/A THE GAME,
BLOOD MONEY ENTERTAINMENT,
ENTERTAINMENT ONE U.S. LP,
FIFTH AMENDMENT ENT. LLC and
CASH JONES,

    Defendants**.**
_____

## ENTERTAINMENT ONE U.S. LP'S ANSWER TO COMPLAINT

    Defendant Entertainment One U.S. LP. (hereinafter "Defendant Entertainment One"), by and through its undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint for Copyright Infringement, Unauthorized Publication of Likeness, and Missapropriation of Likeness (the " Complaint") as follows:

### THE PARTIES AND THE NATURE OF THE ACTION

    1.  Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 1 of the Complaint and on that basis denies them.

    2.  Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 2 of the Complaint and on that basis denies them.

    3.  Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 3 of the Complaint and on that basis denies them.

    4.  Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 4 of the Complaint and on that basis denies them, except admits that the artist

professionally known as The Game is the featured artist on the following releases: You Know What It Is, Vol. 1; The Documentary, Doctor's Advocate, Jesus Piece.

5. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 5 of the Complaint and on that basis denies them.

6. Defendant Entertainment One denies the allegations set forth in Paragraph 6 of the complaint except admits that it is a Delaware limited partnership located at 22 Harbor Park Drive, Port Washington, New York 11050, and has distributed certain music written and performed by The Game.

7. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 7 of the Complaint and on that basis denies them.

8. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 8 of the Complaint and on that basis denies them.

9. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 8 of the Complaint and on that basis denies them, except admits that the single "Ryda (feat Dej Loaf) was released in April of 2015.

10. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 10 of the Complaint and on that basis denies them.

11. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 11 of the Complaint and on that basis denies them.

12. Paragraph 12 of the Complaint does not contain factual allegations to which a response is required.  In the event that a response is required, Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

**JURISDICTION AND VENUE**

13. Paragraph 13 of the Complaint does not contain factual allegations to which a response is required.  In the event that a response is required, Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 13 of the Complaint does not contain factual allegations to which a response is required. In the event that a response is required, Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint does not contain factual allegations to which a response is required. In the event that a response is required, Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

GENERAL ALLEGATIONS

16. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 11 of the Complaint and on that basis denies them.

17. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 17 of the Complaint and on that basis denies them.

18. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 18 of the Complaint and on that basis denies them.

19. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 19 of the Complaint and on that basis denies them.

20. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 20 of the Complaint and on that basis denies them.

21. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 21 of the Complaint and on that basis denies them.

22. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 22 of the Complaint and on that basis denies them.

23. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 23 of the Complaint and on that basis denies them.

24. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 24 of the Complaint and on that basis denies them.

25. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 25 of the Complaint and on that basis denies them.

26. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 8 of the Complaint and on that basis denies them, except admits that the single "Ryda (feat Dej Loaf) was released in April of 2015.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 28 of the Complaint and on that basis denies them.

29. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 29 of the Complaint and on that basis denies them.

30. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 30 of the Complaint and on that basis denies them.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 34 of the Complaint and on that basis denies them.

35. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 35 of the Complaint and on that basis denies them.

36. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 36 of the Complaint and on that basis denies them.

37. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 37 of the Complaint and on that basis denies them.

38. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 38 of the Complaint and on that basis denies them.

39. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 39 of the Complaint and on that basis denies them.

## COUNT I
## COPYRIGHT INFRINGEMENT

40. Paragraph 40 of the Complaint does not contain factual allegations to which a response is required. In the event that a response is required, Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 41 of the Complaint and on that basis denies them.

42. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 42 of the Complaint and on that basis denies them.

43. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 43 of the Complaint and on that basis denies them.

44. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 44 of the Complaint and on that basis denies them.

45. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 45 of the Complaint and on that basis denies them.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

## COUNT II
## COMMON LAW MISAPPROPRIATION OF LIKENESS

51. Paragraph 51 of the Complaint does not contain factual allegations to which a response is required. In the event that a response is required, Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

52. Defendant repeats and reasserts their responses to Paragraphs 1-39 of the Complaint as if set forth in full.

53. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 53 of the Complaint and on that basis denies them.

54. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 54 of the Complaint and on that basis denies them.

55. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 55 of the Complaint and on that basis denies them.

## COUNT III
## UNAUTHORIZED PUBLICATION OF LIKENESS
## IN VIOLATION OF FLORIDA STATUTE 540.08

56. Paragraph 57 of the Complaint does not contain factual allegations to which a response is required.  In the event that a response is required, Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

57. Defendant repeats and reasserts their responses to Paragraphs 1-39 of the Complaint as if set forth in full.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 60 of the Complaint and on that basis denies them.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

63. The Complaint and each and every claim therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Standing)

64. Plaintiff lacks legal standing to assert the claims set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

65. All of Plaintiff's claims are barred by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence)

66. All of Plaintiff's claims are barred by acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

67. Defendant's alleged use of the alleged marks did not create any likelihood of confusion as to the source of a good.

## SIXTH AFFIRMATIVE DEFENSE

### (No Actual Confusion)

68. There was no actual confusion as to the source of the goods at issue.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

69. To the extent Plaintiff suffered damages, which Defendant denies, Plaintiff failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others)

70. The damages allegedly suffered by Plaintiff are the direct and proximate result of the acts, omissions, wrongful conduct, bad faith, negligence or other actionable conduct of third persons or entities other than Defendant with respect to the facts underlying the present controversy,

and such negligence or other actionable conduct is a proximate and/or intervening and superseding cause of any of the purported damages which may be suffered by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

71. At all material times, Defendant acted in good faith.

## TENTH AFFIRMATIVE DEFENSE

### (Innocent Infringers)

72. If Defendant committed any infringement, which they deny, they are innocent infringers.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Negligence)

73. Any recovery Plaintiff may otherwise be entitled to for negligent acts is barred, in whole or in part, by Plaintiff's own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Conspiracy)

74. Plaintiff's conspiracy claims are barred by the absence of any specific intent, conscious agreement or common design or purpose on the part of Defendant to join with other Defendants to injure Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (License)

75. Plaintiff's claim is barred by license.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

76. Defendant reserves the right to assert additional affirmative defenses which may become apparent during the course of discovery.

September 15, 2015 ` Respectfully submitted,

    <u>*s/s Abraham Rappaport*</u>
Abraham Rappaport
(Florida Bar No. 163211)
The Law Office of Abraham Rappaport
72 E. McNab Rd., # 123
Pompano Beach, FL 33060
(954) 609-5823
Rapplaw@yahoo.com
*Attorney for Defendant*
*Entertainment One U.S. LP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified or pro se parties on the attached Service List either via transmission of Notices of Electronic Filing generated CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

**Abraham Rappaport, Esq.**
rapplaw@yahoo.com
The Law Office of Abraham Rappaport
72 E. McNab Rd., # 123
Pompano Beach, FL 33060
 (954) 609-5823
*Attorney* for *Defendant*
*Entertainment One U.S. LP*

**Jeffrey S. Boyles, Esq.**
Allen Dyer Doppelt Milbrath & Gilchrist
255 South Orange Avenue
Suite 1401 PO Box 3791
Orlando, FL 32802-3791
407-841-2330
Fax: 407-841-2343
Email: jboyles@addmg.com
 *Attorney for Plaintiff*
*Kevinn McNair p/k/a Ariza Obey*

**Robert H Thornburg, Esq.**
Allen, Dyer, Dopplelt,
Milbrath & Gilchrist, P.A.
1221 Brickell Ave. Suite 2400
Miami Florida 33131
(305) 374-8303
Fax: 305-374-8306
Email: rthornburg@addmg.com
*Attorney for Plaintiff*
*Kevinn McNair p/k/a Ariza Obey*